UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Carmella L. Amick, et al.,

    Plaintiffs,

v.                                            Case No. 2:09-cv-812

Ohio Department of                      Judge Michael H. Watson
Rehabilitation & Corrections,
et al.,

    Defendants.

## OPINION AND ORDER

This case arises out of the death of Harry J. Amick, an inmate who died at the Belmont Correctional Institution on September 18, 2008. Plaintiffs, who are the administratrix of Mr. Amick's estate and his surviving spouse (who brings claims both on her own behalf and on behalf of her two minor children), claim that Mr. Amick, who suffered from schizoaffective disorder, had his medications discontinued after he was placed in the custody of the Ohio Department of Rehabilitation and Correction and that he was killed by another inmate as a result of an altercation caused by Mr. Amick's experiencing psychotic symptoms.

The case is now before the Court for a ruling on two related motions: Plaintiffs' motion for leave to file an amended complaint, and Defendants' motion for partial summary judgment, which is directed toward certain state law claims pleaded in the complaint. For the reasons which follow, the Court will grant in part and deny in part the motion for partial summary judgment, and will hold a ruling on the motion to amend in

abeyance pending the completion of additional discovery.

I.

The identity of the current Defendants, the nature of the state law claims already pleaded, and the way in which the proposed amended complaint would alter the case are all important to the Court's decision. Those matters may be summarized as follows.

The original complaint identified sixteen Defendants by name. Three of them were correctional institutions (Belmont, Lorain, and Madison), but they are no longer defendants, having been dismissed voluntarily on December 2, 2009. Eleven of the named Defendants are or were employees of, or contractors employed by, the Ohio Department of Rehabilitation and Correction. ODRC is also named separately as a Defendant. Finally, the inmate who allegedly killed Mr. Amick, Vonquez Henderson, has been named as a Defendant. The complaint also includes claims against John Does I- XV, who are described as "individuals and entities who individually or in concert with the other defendants were responsible for providing medical and/or mental health care to Harry J. Amick and/or for protecting Harry J. Amick from violent attacks by other inmates ...." Complaint, ¶22.

The complaint initially pleaded fifteen causes of action. The first claim seeks relief under 42 U.S.C. §1983 based on alleged violations of the Eighth Amendment. The remaining claims were all based on state law theories of recovery such as medical negligence, ordinary negligence, and negligent and intentional infliction of emotional distress. A separate battery claim against defendant Henderson was also pleaded, and the fifteenth claim asserted that certain supervisory defendants would be liable for the actions of other defendants under the doctrine of respondeat superior. On December

2, 2009, in addition to dismissing the claims against the three correctional institutions, Plaintiffs dismissed their state law claims against all Defendants but Dr. LeMond and Mr. Henderson, and limited their claim against ODRC to a claim for non-monetary relief based on negligent training, supervision, and discipline. ECF No. 15.

The proposed amended complaint is based in large part on additional information learned by Plaintiffs either through the public records request or discovery processes. In their motion seeking leave to amend, Plaintiffs state that they encountered difficulty in obtaining all of the records pertaining to Mr. Amick's mental health treatment while he was incarcerated, and that they were able to get complete and/or legible copies of such records (and to learn the names of all of the persons involved in his diagnosis and treatment) only shortly before they filed their motion to amend on September 15, 2010. They propose to amend the complaint by adding an additional 47 defendants, fifteen of whom would be substituted for John Does I - XV and 32 of whom would be new defendants. The causes of action listed in the original complaint would remain the same, however (except that they would, of course, now be asserted against the additional defendants as well).

In their motion for partial summary judgment, the Defendants who made that motion (Defendants ODRC, Collins, Miller, Sacco, Sall, LeMond, Cook, Houk and Scott) seek dismissal of part of the first claim and all of the fourteenth claim. They contend that the first claim, which has been pleaded under 42 U.S.C. §1983, also includes a state law claim based on inadequate training and supervision, and that the individual defendants are immune from this claim by reason of Ohio Revised Code §9.86. Additionally, the motion argues that the fourteenth claim, asserted solely against

ODRC, is barred by the Eleventh Amendment. These issues are re-raised in Defendants' opposition to the motion for leave to amend to the extent that Defendants argue that any new defendants against whom state law claims are being asserted would enjoy the same immunity from suit as the original Defendants, and that it would be futile to allow the complaint to be amended to include such claims. Because the proposed amended complaint does not alter the claims to which the motion for partial summary judgment is directed, and because the resolution of the legal issues raised in that motion may have a bearing on whether to permit the amended complaint (or parts of it) to be filed, the Court will resolve the motion for partial summary judgment first.

## II.

The basic premise of the first prong of the motion for partial summary judgment is that claim one of the complaint, in addition to pleading a claim for relief under 42 U.S.C. §1983 for Eighth Amendment violations, also attempts to plead a claim for relief under state law for inadequate training and supervision. Defendants cite the following language from paragraph 74 of the complaint in support of this interpretation: the Defendants named in that claim "failed to adequately train and supervise the corrections officers and staff in the intake, assessment and correctional and medical care of inmates." If this is a state law claim, defendants note that they are afforded immunity for this claim unless the Ohio Court of Claims has determined, under Revised Code §2473.02(F), that they acted manifestly outside the scope of their employment or official responsibilities, and that such a determination has not been made here.

In response, Plaintiffs disagree that any state law claims are pleaded in claim one. Rather, they assert that paragraph 74 is a §1983 claim premised upon the

inadequate training and supervision of prison staff. They note that if such a failure to train or supervise rises to the level of deliberate indifference to the constitutional rights of an inmate, it is actionable under §1983. They also point out that they had asserted a state law claim, based in negligence, for inadequate training and supervision against the individual defendants, but that they subsequently withdrew that claim, and that it would not make sense for them to have pleaded the same claim in two separate places in the complaint. Given this interpretation of their complaint, Plaintiffs have not responded to the immunity argument advanced in the motion for partial summary judgment.

In their reply brief, Defendants shift the basis of their argument to the question of whether Plaintiffs have produced any *evidence* to support not just their claim of inadequate training and supervision, but the underlying Eighth Amendment claim of deliberate indifference to Mr. Amick's serious medical needs. They argue that when a defending party has supported his or her motion with evidence, the responding party must come forward with admissible evidence in opposition and not simply rely on the allegations of the pleadings in an effort to avoid summary judgment.

In the abstract, Defendants are correct. Under *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." That does not mean, however, that such evidence must be produced in response to every summary judgment motion. Rather, it depends upon the basis on which summary judgment is being sought. As

*Celotex* also explains, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion ...." *Id*. at 323. A summary judgment motion ordinarily triggers a duty on the nonmoving party to produce evidence only if the moving party meets the burden of "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

Here, Defendants' motion does not "point out" that plaintiffs do not have evidence to support their §1983 claims. In fact, the motion does not address the adequacy of the federally-based claims at all. Further, it does not suggest that even on the failure to train or supervise claims, there is an absence of evidence; the basis for the request for summary judgment on those claims is purely legal, resting on the operation of Ohio Revised Code §§9.86 and 2743.02(F). It is clear that raising an issue concerning summary judgment for the first time in the reply brief constitutes a waiver of that argument for purposes of the pending motion. *See Hunt v. Big Lots Stores*, 244 F.R.D. 394, 397 (N.D. Ohio 2007) (citing, *inter alia, United States v. Lopez-Medina*, 461 F.3d 724, 743 (6th Cir. 2006) and *Lexicon v. Safeco Ins. Co. of Am., Inc.*, 436 F.3d 662, 676 (6th Cir. 2006)). As noted by the court in *Sundberg v. Keller Ladder,* 189 F. Supp. 2d 671, 682-83 (E.D. Mich. 2002) (also quoted in *Hunt*), "it is not the office of the reply brief to raise issues for the first time."

Given the basis for summary judgment articulated by the individual Defendants in the motion itself, Plaintiffs were not placed on notice that the evidentiary basis of their §1983 claims was being challenged. Thus, their failure to come forward with such evidence in response to the motion cannot support a grant of summary judgment on

those claims, and the Court declines the invitation, contained in the reply brief, to grant the motion on that ground.

The second prong of the motion for partial summary judgment relates to the state law claim pleaded against ODRC. Defendants argue that this claim is foreclosed by the Eleventh Amendment. Plaintiffs' response is that because the claim seeks only non-monetary relief, the Eleventh Amendment is not a jurisdictional bar to the Court's consideration of this claim. Specifically, Plaintiffs cite to an unreported decision from the Sixth Circuit Court of Appeals, *Williams v. Mich. Bd. of Dentistry*, 39 Fed. Appx. 147, 149 (6th Cir. May 7, 2002), for the proposition that the Eleventh Amendment does not preclude a federal court from entering a declaratory judgment against a state or an agency like ODRC which is, for Eleventh Amendment purposes, the equivalent of the State of Ohio.

*Williams*, however, provides no support for Plaintiffs' position. Rather, in that case the Court of Appeals simply affirmed, without significant discussion, the dismissal of all claims brought against the state defendants under §1983 and state law on grounds of sovereign immunity. The language which plaintiffs quote from *Williams* ("Unless immunity is expressly waived, a state and its agencies are immune from an action for damages and injunctive relief, and in some cases even declaratory relief, in federal court") is actually that court's paraphrase of *dictum* from another case, *Welch v. Texas Dep't of Highways and Public Transp.*, 438 U.S. 468 (1987), a case which held that Congress did not abrogate the States' sovereign immunity by passing the Jones Act. Neither of these cases address the issue of whether declaratory relief under state law is available in a federal court action against a State.

The general rule is, of course, that "[w]hile the [Eleventh] Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). The Court of Appeals has noted that "[t]his immunity is far reaching. It bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments ...." *Thiokol Corp. v. Dep't of Treasury, State of Mich.*, 987 F.2d 376, 381 (6th Cir. 1993). As the Supreme Court has stated, "we have often made it clear that the relief sought by a plaintiff suing a state is irrelevant to the question of whether the suit is barred by the Eleventh Amendment." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 58 (1996). Further, the Eleventh Amendment is fully applicable to claims asserted under state law as well as to those based on federal law. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). Under these circumstances, the claims asserted against ODRC for declaratory relief under state law are clearly barred by the Eleventh Amendment, and Defendants will be granted summary judgment on claim fourteen.

### III.

The Court now turns to the motion for leave to file an amended complaint. With respect to this motion, the parties do not disagree that Fed.R.Civ.P. 15(a) expresses a policy that amendments to pleadings should be freely allowed unless there has been undue and prejudicial delay in tendering the amendment, the moving party is not acting in good faith, or the amendment would be an exercise in futility. *See generally Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994); *Robinson v. Mich. Consol. Gas Co.*,

918 F.2d 579 (6th Cir.1990). They disagree about two things, however: whether the Plaintiffs have acted promptly in identifying new defendants, and whether the proposed amendment would be futile because the amended complaint does not state a viable claim against any of the new defendants.

    The first issue can be disposed of quickly. From the parties' filings, the Court concludes that Plaintiffs acted with due diligence in attempting to discover the names of others who had been involved with Mr. Amick's medical care. They made a public records request in a timely manner and served initial discovery in this case relatively quickly after they were permitted to do so. Although Defendants responded to that discovery in accordance with the Rules of Civil Procedure and on a schedule agreed to by counsel, it was not until September 13, 2010, that plaintiffs finally had a complete list of all of the ODRC employees or contractors who had provided care to Mr. Amick. Their motion was filed two days later. Even if the discovery had been served and responded to a month or two earlier, there is no practical difference between this motion having been filed in mid-September, 2010, or thirty to sixty days before. Thus, the delay in tendering the amended complaint, if there was a delay, is neither the result of dilatory conduct on Plaintiffs' part nor prejudicial to the Defendants.

    The much more significant issue is whether the amended complaint states a viable claim against any or all of the new defendants. Plaintiffs appear to concede that it would not be proper to include any ODRC employees as defendants on the state law claims. However, they state that they are not sure, at the moment, of exactly which defendants fall into that category and which worked for independent contractors. They also appear to concede that although their expert witness, Dr. Noffsinger, has stated

that "ODRC staff" was deliberately indifferent to Mr. Amick's serious medical needs, he has not yet determined precisely which members of the staff are included in that opinion. They propose that they be allowed to add all 47 new defendants to the case and, if subsequent discovery reveals that some of them were not responsible for the alleged negligent or deliberately indifferent conduct alleged in the complaint, that they be permitted to dismiss those defendants at a later date.

Ordinarily, it is not the Court's function, in the context of ruling on a motion to dismiss, to determine if there is evidence which would support the new claims being proposed. Rather, it is black-letter law that the futility of a proposed amendment is ordinarily a legal and not a factual determination, and is judged under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citing, *inter alia*, 3 *Moore's Federal Practice* ¶15.08[4], at 15-81 (2d Ed. 1993)). Obviously, a Rule 12(b)(6) motion to dismiss for failure to state a claim does not involve an inquiry into the factual basis of the complaint's allegations, but only their legal sufficiency. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.18 (2007); *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008).

The situation appears somewhat different, however, when the moving party candidly admits that it has not completed its inquiry into whether there is even a modicum of evidence that some or all of the proposed new defendants acted in ways that might support the assertion of a claim against them. In fact, it could be inferred from Plaintiffs' filings that the amended complaint, while it might be legally sufficient (although under current pleading standards, *see Aschroft v. Iqbal*, 129 S.Ct. 1937

(2009), that might be subject to debate), might, if filed in its present form, run afoul of Fed.R.Civ.P. 11(b)(3), which requires that "the factual contentions [in a pleading] have evidentiary support, or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery ...." Under these circumstances, the Court is reluctant to allow the amended complaint to be filed. On the other hand, given the fact that the two-year statute of limitations applicable to §1983 claims expired on September 18, 2010, the Court understands why Plaintiffs filed their motion to amend when they did.

In the Court's view, the reasonable solution to this problem is to defer an immediate ruling on the motion for leave to amend, and to allow further discovery to proceed on the issue of each proposed new defendant's involvement in the actions or inactions alleged in the complaint. That way, no defendant will be added to the case unnecessarily or without an evidentiary basis for the addition. More discovery will give Plaintiffs time to explore the facts concerning each proposed new party's involvement in the case—at this point, some of those parties' involvement appears to be limited simply to having his or her name appear in one of Mr. Amick's medical records—and to obtain at least a preliminary opinion as to whether such involvement could rise to the level of either actionable negligence or deliberate indifference, depending upon that party's level of immunity.

In this regard, the Court notes that the parties have jointly moved for an extension of discovery. Under their proposed schedule, discovery would be extended to February 4, 2011. Such an extension appears reasonable under the circumstances. Consequently, the Court will grant that motion, and will set a date by which Plaintiffs

may amend their motion for leave to amend. Hopefully, that will reduce or eliminate any disagreement between the parties as to whether new parties may properly be added to the case.

### IV.

For all of the reasons set forth in this Opinion and Order, the Court:

1. **GRANTS IN PART** and **DENIES IN PART** Defendants' motion for partial summary judgment (ECF 58). Claim fourteen of the complaint, which asserts a state law claim for declaratory relief against the Ohio Department of Rehabilitation and Correction, is **DISMISSED**.

2. **GRANTS** the parties' joint motion for an extension of time to complete discovery (ECF 75). The new date to complete discovery is February 4, 2011, and the new date for filing case-dispositive motions is April 11, 2011.

3. **DEFERS** a ruling on the motion for leave to file an amended complaint (ECF 57). Plaintiffs may amend their motion within thirty days of the date of this order to take into account, as part of their request to add new parties, the discovery that will have occurred by that date. If Defendants still oppose the motion, their opposition shall be filed in accordance with the Court's Local Civil Rules.

**IT IS SO ORDERED.**

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT