UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Carmella L. Amick, et al.,

    Plaintiffs,

        v.                               Case No. 2:09–cv–812

Ohio Department of Rehabilitation         Judge Michael H. Watson
& Corrections, et al.,                     Magistrate Judge Kemp

    Defendants.

## OPINION AND ORDER

This case is currently before the Court to address a motion filed by Vonquez Henderson, one of the defendants, for leave to file an answer and a crossclaim *instanter*, which was opposed by a number of the other defendants (the "ODRC defendants"), and a subsequent motion, also filed by those defendants, to strike the answer and crossclaim. Mr. Henderson has not responded to the latter motion, nor has he made any filing in response to the first amended complaint which was filed on April 15, 2011. For the following reasons, the Court will grant the ODRC defendants' motion to strike, will strike the answer and crossclaim, and will deny the motion for leave to file.

I.

The initial complaint in this prisoner wrongful death case was filed on September 16, 2009. Mr. Henderson, who was at that time a state prisoner, was served two days later. He did not file a timely answer.

On July 20, 2010, counsel entered an appearance on behalf of Mr. Henderson. By that date, he had been in default (although no default was entered because no party

had requested it) for over nine months. More than two months later, on September 21, 2010, counsel filed a motion on Mr. Henderson's behalf asking for leave to file an answer and crossclaim. The stated basis of the motion was that Mr. Henderson had been reluctant to file any pleadings while he was still in jail for fear of retaliation, and that he retained counsel after completing his sentence. Without first obtaining leave of court to do so, Mr. Henderson then filed a document styled "Answer of Defendant Vonquez Henderson to Plaintiffs' First Amended Complaint with Cross-Claim Naming Additional Parties" (ECF No. 91). At that point, however, although plaintiffs had moved for leave to file an amended complaint, that motion was still pending and no amended complaint had been filed.

The ODRC opposed the motion for leave to file an answer and crossclaim *instanter*, arguing that Mr. Henderson had not satisfied the legal standard set forth in Federal Rule of Civil Procedure 6(b) for filing an answer out of time. The opposing memorandum also demonstrated, by way of an attached affidavit, that Mr. Henderson had retained counsel at some point before counsel entered her appearance in this case, and included an exhibit showing that he was released from prison on July 21, 2010, two months before he moved for leave to file his answer and crossclaim. Mr. Henderson did not file a reply brief in support of his motion.

After the answer and crossclaim was filed, the ODRC defendants moved to strike it, noting that because Mr. Henderson was past the time for filing this pleading (and acknowledged that he was by asking the Court for leave to file), and because the Court had never granted him leave, the pleading should be stricken. The ODRC defendants also argued that any claims against them were barred because Mr. Henderson never

pursued available institutional remedies while incarcerated, as required by 42 U.S.C. § 1997e(a), and that the statute of limitations had run with respect to his claims. As noted, he did not file any response to this motion, nor, when plaintiffs finally filed an amended complaint on April 15, 2011, did he move or plead in response.

## II.

Although the motion to strike raises two substantive legal issues—the failure to exhaust internal prison remedies and the statute of limitations—the issues before the Court can be resolved on procedural grounds.

With respect to the motion to strike, Federal Rule of Civil Procedure 12(a) sets forth the time for filing a response to a complaint, and Mr. Henderson clearly missed that deadline (21 days from the date of service) by many months. The Court may extend the time to answer under Federal Rule of Civil Procedure 6(b)(1)(B), but, if the request for an extension comes after the time to file has already elapsed, the moving party must show that the failure to act timely was the result of "excusable neglect." Pleadings which are not timely filed, and for which the Court has not granted an extension, are routinely stricken. *See, e.g., Mattress Giant Corp. v. Motor Advertising & Design Inc.*, No. 3:07-CV-1728-D, 2008 WL 898772, at *1 (N.D. Tex. Mar. 31, 2008) (holding that because the defendant "attempted to file a responsive pleading after the deadline had already expired, it was necessary that he file a motion showing excusable neglect and obtain leave of court" and that because he did not seek such leave, the plaintiff was "entitled to have the answer stricken"); *see also Tolliver v. Liberty Mut. Fire Ins. Co.*, No. 2:06-cv-00904, 2008 WL 545018 (S.D. Ohio Feb. 25, 2008) (striking untimely answer filed without leave of court); *Nexmed Holdings, Inc. v. Block Inv., Inc.*,

No. 2:04-CV-288, 2006 WL 120261 (D. Utah Jan. 17, 2006) (same). Therefore, the answer and crossclaim which was filed without leave of court—and which purported to be, but was not, filed in response to an amended complaint because no such complaint had been filed at that time—must be stricken.

The question then becomes whether Mr. Henderson has shown that his late filing of an answer and crossclaim should be allowed due to "excusable neglect." This Court addressed the excusable neglect standard in *Tolliver*, stating:

> The meaning of the phrase "excusable neglect" was explored by the United States Supreme Court in *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380 (1993). There, the Court recognized that "excusable neglect" is a somewhat elastic concept. Under that concept, a court is "permitted, where appropriate, to accept late filings caused by inadvertence, mistakes, or carelessness" even when an adequate excuse is not tendered. *Id.* at 388. However, the Court must consider four factors in determining whether to grant an extension under the "excusable neglect" concept, including any prejudice which might inure to the opposing party or to the Court, the length of the delay involved, the reason advanced for the delay, and whether the dilatory party appears to have acted in good faith. *See also Blandford v. Broome County Government*, 193 F.R.D. 65 (N.D.N.Y. 2000); *but see Robinson v. Wright*, 460 F. Supp. 2d 178 (D.Me. 2006) (holding that such factors do not excuse a failure timely to file a pleading if the only reason advanced for the failure is an attorney's carelessness).

2008 WL 545018, at *1. Applying this standard here, it is obvious that Mr. Henderson has not made the required showing. There are, first, no facts before the Court which would support a finding of excusable neglect, because Mr. Henderson did not file an affidavit, declaration, or other piece of evidence supporting his motion, and excusable neglect has a factual component which must be demonstrated by evidence of some type. Even if the Court were to accept the fact that Mr. Henderson feared retaliation of some type if he answered the complaint and asserted a crossclaim while in prison, it can take judicial notice of the fact that many prisoners can and do file legal actions

against prison officials while still incarcerated, so that unless Mr. Henderson had some particular reason to fear retaliation—and he has not demonstrated any—this reason, alone, cannot serve to excuse the delay. Further, the delay in this case is lengthy—almost a year—and it would prejudice the defendants to have to defend against a crossclaim at this point in the litigation. Finally, the delay was exacerbated by a lapse of two months between the time counsel entered an appearance for Mr. Henderson, and longer from the time she was retained, and the filing of the motion. Even if some portion of the overall delay could be attributed to Mr. Henderson's incarceration, the last sixty days cannot be, and no explanation for this delay has been offered.

The Court does understand the flexible nature of the concept of excusable neglect and the preference expressed by the drafters of the Federal Rules of Civil Procedure in having matters decided on their merits whenever possible and practical. However, if the Court were to grant an extension here, when no showing of any plausible reason for doing so has been advanced, it would be impossible to draw a line between those cases where a party has been neglectful of the duty to respond timely to a complaint, but can articulate some arguable basis for obtaining additional time, and a case like this one, where a party seeks to excuse the total failure to act over a period of many months for essentially no reason at all, or at least for no reason adequately demonstrated on the record. Further, to accept the only reason proffered—that Mr. Henderson was in prison—would be to grant an automatic extension to any inmate for the filing of any pleading without requiring at least some showing that the prisoner had a reason for refraining to act. The Court does not believe that the standard applicable to

this case is so shapeless, and therefore will deny the motion for leave to file *instanter*.

### III.

For all of these reasons, the motion of defendant Vonquez Henderson for leave to file an answer and crossclaim *instanter* (ECF No. 60) is **DENIED** and the motion of defendants to strike (ECF No. 103) is **GRANTED**. The Clerk is directed to strike the answer and crossclaim (ECF No. 91).

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**